IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. THOMAS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1328 |
| | ) | Judge Gary L. Lancaster/ |
| COUNTY OF ALLEGHENY, | ) | Chief Magistrate Judge Amy Reynolds Hay |
| PENNSYLVANIA; RAMON RUSTIN; | ) | |
| RAMON RUSTIN; CALVIN | ) | |
| LIGHTFOOT; FRED ROSEMEYER; | ) | |
| DAN ONORATO; DANA PHILLIPS, | ) | |
|     Defendants | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the amended complaint in the above-captioned case [Dkt. 8] be dismissed for failure to prosecute.

II.    Report

The plaintiff, James A. Thomas, has presented a civil rights complaint against the above-noted defendants, complaining about purportedly overcrowded and unsanitary conditions at the Allegheny County Jail.

On June 1, 2009, this court issued an order directing plaintiff to submit either his motion for voluntary dismissal of the action if he intended to discontinue the action as reported at his deposition or to file his Pretrial Narrative Statement, which was overdue. Dkt. [29]. Plaintiff was to respond by June 19, 2009 and, to date, has not done so. Plaintiff was advised in the June

1st Order that failure to comply would result in the recommendation to dismiss the action upon his failure to prosecute. Id.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's order, which weighs heavily against him. It is solely plaintiff's responsibility to prosecute his case and to obey court orders. Plaintiff's continuing failure to respond to the court's order appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendants other than the delay engendered by plaintiff's failure to respond to the court's order. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor

against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Moreover, it is reported that on May 28, 2009, at his deposition, plaintiff communicated to defense counsel that he did not plan to proceed with his case and would be withdrawing his claim. See Dkt. [28]. Thus, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 2 July, 2009

cc: Hon. Gary L. Lancaster
United States District Judge

James A. Thomas
#07754-068
FCI Fort Dix

P.O. Box 2000
Fort Dix, NJ 08640

All counsel of record by Notice of Electronic Filing